UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL A. WESCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>    Defendant. | Case No. 24-cv-01513-PHK<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND DENYING MOTION FOR SERVICE**<br><br>Re: Dkts. 1, 5 |

*Pro se* Plaintiff Carl A. Westcott ("Plaintiff") brings this action against Defendant Google LLC ("Google"). The Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 9]. The Court now analyzes whether Plaintiff's Complaint satisfies the mandatory screening requirements of 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but *requires* a district court to dismiss an [IFP] complaint that fails to state a claim.") (emphasis added); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167-68 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if

dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

If the Court dismisses a complaint pursuant to § 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee because such dismissal is not on the merits; rather, the dismissal is an exercise of the Court's discretion under the IFP statute. *Biesenbach v. Does 1-3*, No. 21-cv-08091-DMR, 2022 WL 204358, at *2 (N.D. Cal. Jan. 24, 2022) (citing *Denton*, 504 U.S. at 32).

Plaintiff proceeds in this matter *pro se*. Accordingly, in undertaking the mandatory screening of Plaintiff's Complaint, the Court construes Plaintiff's allegations liberally and affords him the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted).

## ANALYSIS

### I. Whether the Complaint is Frivolous or Malicious

The Court first considers whether Plaintiff's Complaint is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31 (quoting *Neitzke*, 490 U.S. at 325). A complaint is legally frivolous if it fails to establish standing and subject matter jurisdiction. *Castillo v. Marshall*, 107 F.3d 15 (9th Cir. 1997) (mem.) (quoting *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987)). A complaint is malicious "if it was filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).

The Court finds that Plaintiff's Complaint is sufficiently rooted in law and fact such that it should not be dismissed as frivolous. In his Complaint, Plaintiff invokes federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332, which requires that there be complete diversity of citizenship between the Parties and that the amount in controversy exceeds $75,000 exclusive of interest and costs. With regard to diversity of citizenship, Plaintiff alleges that he is a citizen of Arizona and that Google is a citizen of California. [Dkt. 1 at ¶ 17]. With regard to the amount in

controversy, Plaintiff alleges that he has suffered hundreds of thousands of dollars in damages due to "los[t] emails, including gmail accounts, that were 'hijacked.'" *Id.* at ¶¶ 30, 34-45. Plaintiff asserts a single cause of action for negligence against Google for "not helping the Plaintiff get his gmail accounts back." *Id.* at ¶¶ 110-17.

The Court finds no indication that Plaintiff's Complaint was "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121. Accordingly, the Complaint as drafted does not appear to be malicious.

Accordingly, the Court determines that Plaintiff's Complaint is neither frivolous nor malicious for purposes of 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, Plaintiff's Complaint satisfies the first requirement of the mandatory screening statute.

## II. Whether the Complaint Fails to State a Claim for Relief

The Court next considers whether the Complaint should be dismissed for failure to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112 (citing *Lopez*, 203 F.3d at 1127). "The Rule 12(b)(6) standard requires a complaint to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (citation omitted) (emphasis in original).

Here, Plaintiff alleges that he is the owner of multiple Google Gmail accounts, which he uses for both "personal and business communications." [Dkt. 1 at ¶¶ 36, 71]. Plaintiff alleges that, since 2019, at least twenty-seven of his Gmail accounts have been "hijacked," meaning that "someone else took over the account[s] and changed the password[s], with [] Plaintiff no longer

3

able to access his email[s]." *Id.* at ¶¶ 38-40, 65.  Plaintiff alleges that "Mr. Robert J. Block ('Block') is the main person who has been doing this, with many people in his criminal gang involved ('the Bob Block Criminal Gang[,]' or the 'Block Criminal Gang')." *Id.* at ¶¶ 43-45.  Plaintiff alleges that because "Mr. Block and his criminal gang" have also "take[n] over his cell phone service" and "shut [him] out of many of his laptops," he has been "unable to recover his gmail accounts using the online recovery process." *Id.* at ¶¶ 57-63.  Plaintiff alleges that he has "contacted people in Google customer service and customer support in various ways to get help getting his gmail accounts back." *Id.* at ¶ 74.  He complains that despite "many attempts" to obtain Google's assistance, he "still does not have the gmail accounts back." *Id.* at ¶ 82.

Claiming that he has lost "hundreds of thousands of dollars" in business opportunities resulting from the loss of his "hijacked" Gmail accounts, Plaintiff asserts a single claim against Google for negligence.  *Id.* at ¶¶ 94-102, 110-17.  Specifically, Plaintiff alleges that "Google had legal duties to the Plaintiff, as a customer of Google, LLC[;]" that "Google employees shirked their duties and were negligent in not helping the Plaintiff get his gmail accounts back[;]" that "Google is responsible for the negligent acts of its employees under *respondeat superior* and vicarious liability[;]" and that Google's negligence caused Plaintiff to suffer "financial harm in multiple categories, among them the loss of revenue he otherwise would have earned." *Id.* at ¶¶ 111-16.

As relief, Plaintiff seeks: (1) a declaration that he is "the rightful owner of the Gmail accounts listed in Exhibit A;" (2) a Court order requiring "Google, Inc. to return the Plaintiff's email accounts to the Plaintiff, the rightful owner;" (3) "all direct and consequential damages the Plaintiff incurred as a proximate cause of [Google's] negligence;" (4) "reasonable compensation for the value of his time in representing himself while he cannot afford an attorney (*quantum meruit*);" (5) "reasonable future attorney's and paralegal fees and costs[;]" and (6) "such other and further relief as this Court deems just and proper." *Id.* at 15, 17.

To state a claim for negligence under California law, a plaintiff must plausibly allege: (1) a legal duty to use due care, (2) a breach of that legal duty, and (3) proximate cause between the breach and the plaintiff's injury.  *Brown v. USA Taekwondo*, 483 P.3d 159, 213 (Cal. 2021).

1    "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to
2    establishing a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App.
3    3d 1089, 1095 (1991). "Duty is not universal; not every defendant owes every plaintiff a duty of
4    care." *Brown*, 483 P.3d at 164. Rather, "[a] duty exists only if the plaintiff's interests are entitled
5    to legal protection against the defendant's conduct." *Id.* (internal quotation marks and citation
6    omitted).

7    Here, Plaintiff alleges that Google owed "legal duties" to him "as a customer," and that
8    Google "shirked those duties" by failing to help him recover his stolen Gmail accounts. [Dkt. 1 at
9    ¶¶ 111, 113]. However, Plaintiff fails to plead the existence of any facts regarding the source of
10   and the nature of Google's purported duty. Plaintiff cannot rely on conclusory allegations to state
11   a claim for relief. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of
12   action, supported by mere conclusory statements, due not suffice."); *see, e.g.*, *Langan v. United*
13   *Servs. Auto Ass'n*, 69 F. Supp. 3d 965, 987 (N.D. Cal. 2014) (dismissing a negligence claim with
14   leave to amend where the plaintiff failed to allege any facts to raise a reasonable inference that the
15   defendants owed him a duty of care). Simply stating that duties were owed because Plaintiff is a
16   customer does not identify sufficiently how those duties arose, what the scope and nature of those
17   duties are, or what kind of "care" is involved in those duties.

18   Further, Plaintiff has failed to allege specific facts showing *how* Google breached its duties
19   (*i.e.,* what Google and/or its employees did or did not do in connection with Plaintiff's request for
20   assistance with his Gmail accounts). Again, simply asserting that Google employees "shirked"
21   their duties does not identify sufficiently what those employees did that was allegedly insufficient,
22   or what they failed to do that was allegedly required, or how they performed actions in ways that
23   were allegedly insufficient.

24   In addition, Plaintiff fails to allege sufficient facts from which to reasonably infer that the
25   alleged breach of duties proximately caused Plaintiff's injury. *See Day v. Google, Inc.*, No. 15-cv-
26   01224-NC, 2015 WL 1545051, at *2 (N.D. Cal. Apr. 6, 2015) (dismissing a negligence claim
27   arising from the plaintiff's purchase of a Google Nexus 9 tablet where the plaintiff failed to
28   provide any specific facts regarding his interactions with Google support or the nature of the harm

5

caused to him by such interaction). Because the pleading as to how Google allegedly breached its alleged duties to Plaintiff is insufficient, the pleading is similarly deficient in identifying a sufficient causal link between the alleged breaches of duties and the alleged harms.

Accordingly, the Court finds that Plaintiff has failed to plausibly allege the requisite elements of a negligence claim. For that reason, Plaintiff's Complaint is subject to dismissal for failure to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.     Whether the Defendant has Immunity from Monetary Relief

While the Court finds that the Complaint must be dismissed for failure to state a claim for relief as discussed above, for completeness the Court turns to the third factor under § 1915(e)(2)(B). Under the mandatory screening statute, the final inquiry is whether the Complaint seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). Here, Plaintiff seeks money damages from a corporate entity, Google, for alleged negligence in connection with Plaintiff's Gmail accounts as detailed above. There is nothing to suggest that Google is immune from such relief. Accordingly, the Court determines that Plaintiff's Complaint satisfies the "immunity" prong for purposes of § 1915(e)(2)(B)(iii).

### CONCLUSION

For the reasons set forth herein, **IT IS ORDERED THAT:**

1. Plaintiff's Complaint [Dkt. 1] is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim for relief.
2. Plaintiff is **GRANTED LEAVE** to file an amended complaint that addresses the issues discussed herein by no later than **September 16, 2024**.
3. Plaintiff's motion requesting service of process [Dkt. 5] is **DENIED AS MOOT**.
4. If Plaintiff does not file an amended complaint by the ordered deadline or if he cannot cure the identified deficiencies, the Court will recommend the dismissal of this action in whole or in part.
5. Plaintiff is **ADVISED** that there are several resources for *pro se* litigants. The Court makes available a guide for *pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every

6

stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://www.cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf or in hard copy form free of charge from the Clerk of Court's Office. The Court additionally has a webpage with resources for *pro se* litigants: https://www.cand.uscourts.gov/pro-se-litigants/. In addition, Plaintiff has the option to seek assistance from the Legal Help Center by making an appointment by telephone at (415) 782-8982 or by email at fedpro@sfbar.org. The Legal Help Center is a free service provided by the Justice & Diversity Center of the Bar Association of San Francisco ("JDC"), and is not part of the United States District Court. The Legal Help Center is staffed by attorneys employed by the JDC to provide information and limited-scope legal assistance to *pro se* litigants in civil cases. *See* https://cand.uscourts.gov/about/court-programs/legal-helpdesks/.

6. The Court further **ADVISES** that the amended complaint shall include the caption and civil case number used in this Order (24-cv-01513-PHK) and the words FIRST AMENDED COMPLAINT shall be written on the caption page. The Court recommends that Plaintiff Wescott use this Court's form complaint (available on the Court website) for drafting the amended complaint.

7. Because an amended complaint completely replaces the previous complaint, Plaintiff Wescott **SHALL** include in his first amended complaint all the claims he wishes to present and all the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The amended complaint **SHALL NOT** incorporate material from the prior complaint by reference.

8. Plaintiff Wescott **SHALL** comply with all of this Court's Orders (including all Standing Orders, available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure and the Local Rules of this Court, in a timely fashion. When needed, Plaintiff Wescott may file a motion (prior to a deadline) requesting an extension of time to meet a Court-ordered deadline. In order to be granted, any such motion **SHALL** show good cause why there exists a need for a reasonable amount of additional time to complete the

7

necessary tasks.  Failure to file an amended complaint by the deadline herein and failure to prosecute this action timely may result in negative consequences for Plaintiff Wescott's case, including recommendation for dismissal of this action with prejudice such as under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  August 15, 2024

_____
PETER H. KANG
United States Magistrate Judge